Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Tampa ___ Division

| | |
|---|---|
| Brandon Corasmin | Case No. 8:23 cv 2040 WFJ-CPT |
| | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ✔ Yes ☐ No |
| -v- | |
| ALLY FINANCIAL & RAPID RECOVERY AGENCY | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | SEP 11 2023 AM8:50 FILED - USDC - FLMD - TPA |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Brandon Corasmin |
| Street Address | 20075 oakdale Ave |
| City and County | Brooksville Hernando |
| State and Zip Code | Florida 34601 |
| Telephone Number | 954-226-7918 |
| E-mail Address | Bcorasmin@icloud.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Tgo -69159
$402

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | ALLY FINANCIAL |
| Job or Title *(if known)* | |
| Street Address | P.O. Box 38901 |
| City and County | Bloomington Hennepin county |
| State and Zip Code | Minnesota 55438 |
| Telephone Number | 1-888-568-0186 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | RAPID RECOVERY AGENCY |
| Job or Title *(if known)* | |
| Street Address | 2152 Johnson St |
| City and County | Hollywood Broward |
| State and Zip Code | Florida 33020 |
| Telephone Number | 954-597-1396 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
 TILA, United States Supremacy Clause Regulation Z

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

   a.    If the plaintiff is an individual

   The plaintiff, *(name)* Brandon Corasmin _____ , is a citizen of the

   State of *(name)* Florida _____ .

   b.    If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated

   under the laws of the State of *(name)* _____ ,

   and has its principal place of business in the State of *(name)*

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of

   the State of *(name)* _____ . Or is a citizen of

   *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* ALLY FINANCIAL _____, is incorporated under

the laws of the State of *(name)* MINNESOTA _____, and has its

principal place of business in the State of *(name)* MINNESOTA _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$5,000 for 15 U.S.C. 1611(a)(3)
$5,000 for 15 U.S.C. 1640
All past payments returned to me as required.

10,833.86 Tila liability

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

On April 21st, I notified Ally Financial via certified mail of my intention to exercise my right to rescission under TILA Regulation Z, citing their lack of disclosure. This notification was received on April 25th, giving them twenty days to respond and challenge the rescission. They failed to do so. An official arbitration hearing was filed on July 6th and sent to them via certified mail. No response was provided. On August 20th, Rapid Recovery Agency repossessed my vehicle. At the time, their security interest in the vehicle was null and void, constituting what I believe to be theft. Between April 21st and the date of repossession, they had ample time to respond or challenge the rescission, yet they did not. This, in my view, constitutes a breach of the contract by failing to engage in a dispute

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

RAPID RECOVERY AGENCY return all property to me.
Ally Financial & RAPID RECOVERY AGENCY pay damages the court see
That no Agent of  RAPID RECOVERY AGENCY be allowed within 500 feet of me out of fear of retaliatory actions.
If the vehicle is transferred to another owner, I be rewarded $250,000 in damages. By both RAPID RECOVERY AGENCY & Ally Financial for violating my rights and protections under federal law.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)*  RAPID RECOVERY AGENCY          , is incorporated under

the laws of the State of *(name)*    Florida                          , and has its

principal place of business in the State of *(name)*  Florida                          .

Or is incorporated under the laws of *(foreign nation)*          ,

and has its principal place of business in *(name)*          .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$5,000 for 15 U.S.C. 1611(a)(3)
$5,000 for 15 U.S.C. 1640
All past payments returned to me as required.
Tila liability  10,833.86

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On April 21st, I notified Ally Financial via certified mail of my intention to exercise my right to rescission under TILA Regulation Z, citing their lack of disclosure. This notification was received on April 25th, giving them twenty days to respond and challenge the rescission. They failed to do so. An official arbitration hearing was filed on July 6th and sent to them via certified mail. No response was provided. On August 20th, Rapid Recovery Agency repossessed my vehicle. At the time, their security interest in the vehicle was null and void, constituting what I believe to be theft. Between April 21st and the date of repossession, they had ample time to respond or challenge the rescission, yet they did not. This, in my view, constitutes a breach of the contract by failing to engage in a dispute

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

RAPID RECOVERY AGENCY return all property to me.
Ally Financial & RAPID RECOVERY AGENCY pay damages the court see
That no Agent of  RAPID RECOVERY AGENCY be allowed within 500 feet of me out of fear of retaliatory actions. If the vehicle is transferred to another owner, I be rewarded $250,000 in damages. By both RAPID RECOVERY AGENCY & Ally Financial for violating my rights and protections under federal law.

I respectfully request that the Court award me damages for the following ethical violations, breach of contract, and violation of fiduciary duty by Ally Financial, as well as its attempt to evade liability under federal law. Ethical violations: Ally Financial's conduct was unethical because it failed to act in a fair and honest manner. It also violated its own policies and procedures. Breach of contract: Ally Financial breached its contract with me when it failed to honor arbitration. Violation of fiduciary duty: Ally Financial violated its fiduciary duty to me by acting in its own interests rather than mine.

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          9/11/2023

Signature of Plaintiff
Printed Name of Plaintiff     Brandon Corasmin

### B.   For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

## AFFIDAVIT OF TRUTH

I, Brandon Corasmin, a natural living being of majority status, conducting the style and condition of The Principal and Beneficial Equitable Title Holder, and not an infant/minor have exercised my right to subrogation as part of my equitable relief. The creditor/debt collector listed must swiftly settle this matter as a result. It is important to note that I am of the Age of Majority, and as is defined under 31 CFR 363.6, a minor means an individual under the age of 18 years. The term minor is also used to refer to an individual who has attained the age of 18 years but has not yet taken control of the securities contained in his or her minor account. This is notice that I have expressed my right to subrogation in switching position from that of a minor to The Principal and Beneficial Equitable Title Holder and am looking to you to settle this manner in fairness and exclusive equity.

## LEGAL BASIS

While often used interchangeably, the terms "legal" and "lawful" hold distinct meanings that should not be overlooked. "Legal" denotes that which is authorized or permitted by law, indicating that it is not prohibited by law and is allowable under the law. On the other hand, "lawful" describes that which conforms to the law, implying that it is carried out in a manner that is authorized, recognized, or sanctioned by law. Therefore, it is crucial to understand that while something might be legal, it may not be lawful, and vice versa. For instance, a contract may be considered legal, but if it was signed under duress, it would not be deemed lawful. In conclusion, knowing the difference between these two concepts is essential, as it may determine the legality or lawfulness of a particular action or decision. Repossession is legal but it is only lawful on assets in which you have a valid security interest in. Now misrepresentation of such securities could leave you liable to the repossession agency you used to place the consumer in a position of destitute life.

**Supremacy Clause. Article VI, Paragraph 2 of the U.S. Constitution** is commonly referred to as the Supremacy Clause. It establishes that the federal constitution, and federal law generally, take precedence over state laws, and even state constitutions. It prohibits states from interfering with the federal government's exercise of its constitutional powers, and from assuming any functions that are exclusively entrusted to the federal government. It does not, however, allow the federal government to review or veto state laws before they take effect.

On April 21st 2023 Ally Financial was sent notice via certified mail 9589 0710 5270 0666 2136 43. Which was received April 25th 2023. In the notice Ally Financial was advised I would be exercising my rights under Regulation Z of the truth and lending act. With this documentation it was explained what rights I was exercising along with their rights to challenge rescission under Regulation Z. In the letter you were provided my principal mailing address. Since then I have never received any form of documentation or response regarding anything provided to you. On

July 6th Ally Financial  was again sent certified mail 9589071052700666207796 informing Ally Financial of arbitration being set forth. On August 21st all parties were sent via certified mail which was later received voicing the displeasure in the  actions of all parties along with forcing me to seek Equity through subrogation.

## OBLIGATIONS

All parties involved in this matter are hereby notified that the obligations set forth herein shall apply to all parties. For example, I am obligated under the contract to present any issues to Ally Financial through arbitration. Ally Financial (hereinafter referred to as "ALLY") is obligated to resolve issues through arbitration.  In my initial documentation, a claim was properly asserted to ALLY. ALLY was properly informed that, under the statute and Regulation Z, if a creditor disputes a consumer's right to rescind, it must file a declaratory judgment action within twenty days after receiving the rescission notice, before its deadline to return the consumer's money or property and record the termination of its security interest. Because ALLY failed to respond, the security interest is void and of no legal effect, regardless of whether the creditor makes any affirmative response to the notice.  ALLY did not meet any of the requirements it was obligated to meet, nor did it provide a response to the principal mailing address. The notice was not honored within the twenty-day time frame as set forth by rescission, and therefore ALLY became civilly liable as per 15 U.S. Code 1640.  All parties involved have a duty to ensure that they are honest, compliant, and fair under federal law and civil proceedings. Any failure by ALLY to meet its obligation of clear and honest communication regarding any civil proceedings, as well as any asserted claims against it, does not constitute a shield from any civil liability for unconscionable actions. Furthermore, it is ALLY's obligation to communicate such items to RAPID RECOVERY.  ALLY has failed to meet its obligations and fiduciary duty as a creditor and a trustee. The Trustee relationship has been established since I the beneficiary engaged in signing the original contract of which ALLY was obligated to act in my best interest. In not responding or returning the monies as required under Regulation Z you breached your duties as a Trustee and creditor the violation becomes even more negligent when you fail to recognize your security interest within the disputed vehicle is null and void. You further breached the contract while knowing an active arbitration dispute is currently presiding over the vehicle and willfully undermined that proceeding by sending RAPID RECOVERY Agent to repo a vehicle in which your security interest was null and void constituting theft, it also has transformed into an ethical issue due to your misrepresentation. The Recovery Agent from RAPID RECOVERY Agency was given no knowledge of the civil dispute or your voided security interest within the property.

### *WAIVER and ESTOPPEL*

ALLY's decision not to exercise those rights or respond makes them unilaterally bound by Waiver and Estoppel.

ALLY's decision not to exercise its rights to challenge the invocation of the right to rescind the contract or to respond to the claims that were asserted in all communications unilaterally binds them by Waiver and Estoppel.

In Layman's Terms;

- Waiver is the intentional relinquishment of a known right.
- Estoppel is a legal principle that prevents someone from asserting a right that they have previously acted inconsistently with.

ALLY was made aware of its right to challenge the claimant's invocation of the right to rescind the contract, the notice of recession was delivered April 25th, 2023 on which they had  to file a declaratory judgment action within twenty days after receiving the rescission notice, before its deadline to return the consumer's money or property and record the termination of its security interest (Monday,May 15, 2023). They also had the opportunity to respond to the claimant's communications. However, they did not do any of these things. The failure of ALLY to respond to the rescission notice has rendered the security interest unenforceable. This is true regardless of whether ALLY made any affirmative response to the notice. Furthermore between April 25th to August 20th ALLY had more than a reasonable amount of time to rebuttal or communicate or attempt to resolve and even mitigate any damages before forcing me to seek Equity in court. Furthermore it was clearly provided to them their rights regarding this matter.

By failing to act, ALLY  has waived its right to challenge the claimant's invocation of the right to rescind the contract. They have also stopped themselves from asserting any other rights that they may have had under the contract which includes repossession of the vehicle.

ALLY financial since receiving Exhibits A ,B and C has failed to act in good faith and strong moral character. Since receiving the principal address not one document has been mailed in. They never disclosed any civil proceedings taking place over the vehicle to the Recovery Agency. Never provided any form of physical documentation to my principal address. Every action ALLY took was surreptitious in nature as to evade liability under federal law.

Due to actions reflected by ALLY & RAPID RECOVERY AGENCY where they failed to abide by federal law I'm forced to seek Equitable relief .

So far ALLY has failed to present good moral and ethical judgment through my assertion of these claims. I strongly advise ALLY to act in a way that is in their best interests and avoid taking any actions that could be seen as retaliatory or unethical, such as transferring the vehicle in the midst of a civil dispute. I strongly caution RAPID RECOVERY AGENCY against engaging in any conduct that could be seen as aiding and abetting Ally in violating federal law or civil proceedings.

## **EQUITABLE RELIEF**

I hereby demand the following Equitable Relief :

- RAPID RECOVERY AGENCY return all property to me.
- Ally Financial & RAPID RECOVERY AGENCY pay damages to me in an amount that the court deems just and equitable.
- That no Agent of RAPID RECOVERY AGENCY be allowed within 500 feet of me out of fear of retaliatory actions.
- If the vehicle is transferred to another owner, I will be rewarded $250,000 in damages. By both RAPID RECOVERY AGENCY & Ally Financial.

I base my demand on the following grounds:

- Ally Financial Failed to meet its obligations under the contract as both a creditor and a Trustee they've breached their fiduciary duties, as a result I was wrongfully denied my property, furthermore the party that assisted them shares liability.
- RAPID RECOVERY AGENCY has engaged in unconscionable conduct and as a result I have suffered damages.
- I have reasonable fear of retaliation from RAPID RECOVERY AGENCY, they have falsely identified as an Uber previously to gain access into a gated residence showing they are multifaceted in sneaking into non normally accessible areas. ALLY FINANCIAL has provided them all addresses in which I reside, and as a result, I need to be protected from their agents.
- The transfer of the vehicle to another owner would constitute a further violation of my rights, and as a result, I am entitled to damages.

Respectfully I pray for Equitable relief.

# EXHIBIT A

## RESCISSION AFFIDAVIT OF EQUITABLE RELIEF

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT NOTICE TO AGENT IS NOTICE TO PRINCIPAL

4/21/2023

Brandon Corasmin
1317 Edgewater Dr, Suite 4522
Orlando, FL 32804

The Hertz Corporation
1000 S Federal Highway
Pompano, FL 33062

Ally Financial
P.O. Box 38901
Bloomington, MN 55438

**VIN: <u>5N1AT2MTXGC827102</u>**

 

     I, <u>Brandon Corasmin</u>, having sworn under the penalty of perjury of the United States of America, as per 28 U.S. Code 1746(1), hereby make this affidavit based on personal knowledge and seeking equitable relief based on rescission of an agreement due to multiple Regulation Z violations, failure to provide full disclosure.

## LEGAL BASIS

The Retail Sales Installment Agreement with **<u>The Hertz Corporation & Ally Financial</u>** was signed after the commencement of the contract, which constitutes fraud and misrepresentation as there was no meeting of the minds. A contract depends on six conditions for its validity: mutual assent (offer and acceptance), legal consideration, legal capacity for contracting, absence of fraud or duress, not in violation of law, and must be realistic and attainable.

In this case, there was a lack of full disclosure, which is a direct violation of Public Law 90-321 (Consumer Credit Protection Act) and Regulation Z.

## FACTUAL ALLEGATIONS

While often used interchangeably, the terms "legal" and "lawful" hold distinct meanings that should not be overlooked. "Legal" denotes that which is authorized or permitted by law, indicating that it is not prohibited by law and is allowable under the law. On the other hand, "lawful" describes that which conforms to the law, implying that it is carried out in a manner that is authorized, recognized, or sanctioned by law. Therefore, it is crucial to understand that while something might be legal, it may not be lawful, and vice versa. For instance, a contract may be considered legal, but if it was signed under duress, it would not be deemed lawful. In conclusion, knowing the difference between these two concepts is essential, as it may determine the legality or lawfulness of a particular action or decision.

**The Hertz Corporation & Ally Financial** failed to provide full disclosure regarding my right to rescind the agreement, in violation of Regulation Z, and did not clearly and conspicuously disclose my right to rescind, as required by law. This lack of disclosure and the subsequent violations of Regulation Z and the Truth in Lending Act (TILA) constitute a failure to uphold the requirements of a lawful contract, as they involve fraud, misrepresentation, and absence of full disclosure.

The rescission notice sent was made pursuant to 15 U.S. Code § 1635(a), as I was never informed that I had three days to rescind the agreement nor was I provided with the required notices accompanying all consumer credit transactions.

**The Hertz Corporation & Ally Financial** must not fail to respond to my private right of action within the required timeframe, which grants me the right to pursue equitable if there is no proper action taken in regards to the TIL Rescission.

I also entered into the agreement with the dealership without transparency regarding the process of the consumer credit application being the financial asset (12 CFR 360.6[2]) as well as self-liquidating paper per 17 CFR 260.11b-6. I would also include this in your factual allegations section, as well.

Pursuant to 15 U.S. Code § 1640 and 15 U.S. Code § 1611(a)(3), creditors may face penalties for their failure to comply with the requirements of the Truth in Lending Act and Regulation Z. Both 15 U.S. Code 1611 and 15 U.S. Code 1640 results in $5000 each. These penalties can include statutory damages, actual damages, and even attorney's fees in certain cases. In this instance, **The Hertz Corporation & Ally Financial** failure to provide proper disclosure regarding my right to rescind, along with their failure to respond to my private right of action, constitutes a violation of these provisions.

**Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876 (9th Cir. 2010):** In this case, the Ninth Circuit Court of Appeals held that a consumer may sue a consumer reporting agency under the FCRA for failing to follow reasonable procedures to ensure the accuracy of a credit report, even if the consumer cannot prove that the inaccurate information caused them actual damages. This case law is valid due to the credit reporting agencies reporting of this erroneous, negative information. Though the account is no longer reporting on my consumer files, the fact that my credit rating regarding this account resulted in my vehicle being repossessed is not fair and equitable to me as a consumer.

Furthermore, the "Cooling Off" period in the agreement does not apply because of the **Supremacy Clause. Article VI, Paragraph 2 of the U.S. Constitution** is commonly referred to as the Supremacy Clause. It establishes that the federal constitution, and federal law generally, take precedence over state laws, and even state constitutions. It prohibits states from interfering with the federal government's exercise of its constitutional powers, and from assuming any functions that are exclusively entrusted to the federal government. It does not, however, allow the federal government to review or veto state laws before they take effect.

## EQUITABLE RELIEF

I am entitled to equitable relief in the form of rescission of the Retail Sales Installment Agreement with **The Hertz Corporation & Ally Financial** and the voiding of any finance charges, security interests, and other obligations resulting from the agreement, in addition to the return of all past and prior payments made per the provisions in rescission as well as 15 U.S. Code 1692h. This relief is necessary to remedy the violations of the consumer protection laws described in this affidavit, which are intended to protect consumers like myself from unfair and deceptive practices in the marketplace. The statute and Regulation Z state that if a creditor disputes a consumer's right to rescind, it should file a declaratory judgment action within twenty days after receiving the rescission notice, before its deadline to return the consumer's money or property and record the termination of its security interest. As they failed to respond, the security interest is void and of no legal effect, irrespective of whether the creditor makes any affirmative response to the notice.

I respectfully request that **The Hertz Corporation & Ally Financial** comply with my rescission notice and take all necessary steps to terminate any security interest or other obligations resulting from the Retail Sales Installment Agreement. Additionally, I request that **The Hertz Corporation & Ally Financial** provide me with any other relief to which I may be entitled under the law, such as the return of my title free and clear. Moreover, I seek damages under 15 U.S. Code § 1611(a)(3) and 15 U.S. Code § 1640 based on **The Hertz Corporation & Ally Financial** failure to follow the laws as set forth in the Truth In Lending Act, Regulation Z, and the Right to Rescind consumer credit transactions. These damages should serve as a penalty for their violations and help to ensure compliance with consumer protection laws in the future.

As a result of the rescission, and per 15 U.S. Code 1692h, you must return all past and prior payments made on this account.

Herein lies a $10k violation based on civil liability (15 U.S. Code 1640) if you fail to rescind and return all past and prior payments and non-compliance, coupled with the lack of full, material disclosure as is described and required by the Consumer Credit Protection Act (Public Law 90-321), and 15 U.S. Code 1611(1)(3), you can be fined up to $5000 for giving false, inaccurate information and fails to provide information which he is required to disclose and in this case you, **The Hertz Corporation & Ally Financial** willfully did when you clearly failed to disclose and provide all information clearly to me as a consumer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. If this notice is not honored within the 20-day time frame as set forth by rescission, you will be civilly liable as per 15 U.S. Code 1640, to which I will seek remedy in the American Arbitration Association.



**Tracking Number:**
**9589071052700666213643**

🗌 Copy   ⚡ Add to Informed Delivery


Latest Update

Your item has been delivered to an agent for final delivery in
MINNEAPOLIS, MN 55438 on April 25, 2023 at 8:04 am.

Get More Out of USPS Tracking:
🗌 USPS Tracking Plus®


☑ Delivered to Agent
**Delivered to Agent for Final Delivery**
MINNEAPOLIS, MN 55438
April 25, 2023, 8:04 am

See All Tracking History

What Do USPS Tracking Statuses Mean?

# EXHIBIT B
## AMERICAN ARBITRATION ASSOCIATION

Brandon: Corasmin

-vs-

HERTZ CORPORATION

Equity must be vigorously upheld and enforced without compromise.

I, Brandon Corasmin, as a fully capable and adult individual, hereby assert my authority as the ***Principal and Beneficial Equitable Title Holder*** to exercise my right in aligning the right to rescind with its appropriate status and to honor the rescission provisions outlined in the U.S. Code and Code of Federal Regulations, Public Law 90-321, as a means of seeking equitable relief. It is imperative that HERTZ CORPORATION & ALLY FINANCIAL  expeditiously resolves this matter in light of my actions. I would like to emphasize that I have reached the **Age of Majority,** as defined by 31 CFR 363.6, and it should be duly noted that the term "minor" refers to an individual under the age of 18 years.

**Conditional Cease & Desist:** If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except— (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor;

The strength of my position stems from the fact that I sent a certified notice to rescind, exercising my rights in accordance with the agreement signed by both parties, which binds HERTZ CORPORATION  and ALLY FINANCIAL. Regrettably, they failed to respond within the mandated 20-day timeframe, as required by 15 USC 1635. This non-response has directly led to their liability under 15 USC 1640.

My initiation of rescission is grounded in these crucial facts. The certified notice I sent, which explicitly stated my intent to rescind, created a legal obligation for HERTZ CORPORATION and

ALLY FINANCIAL to acknowledge and respond within the specified timeframe. Their failure to meet this obligation has triggered their liability under 15 USC 1640.

It is imperative to emphasize that both parties are bound by the agreement, and their failure to fulfill their obligations has opened the door for me to assert my rights and pursue rescission. This non-response within the required timeframe solidifies their liability under 15 USC 1640, strengthening my position and reinforcing the necessity for equity to be served.

Therefore, based on the certified notice of rescission, the subsequent lack of response within the 20-day period mandated by 15 USC 1635, and the resulting liability under 15 USC 1640, I am initiating rescission in accordance with the agreement signed by both parties, to which we are mutually bound.

**My CLAIM rests upon the following provisions outlined by TILA rescission:**

1) TILA Rescission stands as a self-enforcing measure, automatically extinguishing any lien and associated liability.
2) As I represent myself without legal counsel, the judge bears the responsibility to seek guidance within their own authority.
3) The judge is legally bound to grant damages, refunds, and other relief to the Borrower upon the discovery of any violation of TILA, regardless of its magnitude, such as not responding to my certified notice.
4) Typically, pursuing Federal Action for an injunction against the involved parties, demanding the filing of document cancellations and seeking judgments for damages and refunds, serves as the most appropriate course of action. However, in this case, I initiated arbitration as per the terms of the retail sales installment agreement.
5) The Truth-in-Lending law empowers me to exercise my right to rescind the loan transactions through written notification to the creditors, as specified in (Reg. Z §§ 226.15(a)(2), 226.23(a)(2), Official Staff Commentary § 226.23(a)(2)-1) and 15 U.S.C. § 1635(b).

6) According to the statute and regulation, the security interest, promissory note, or lien automatically becomes void as a result (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1)).

7) As emphasized in the Official Staff Commentary, the creditor's interest in the property is nullified automatically, regardless of its status or whether it was recorded or perfected (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1).

8) It is important to note that the security interest becomes void and ineffectual, irrespective of any affirmative response from the creditor. Strict adherence to Regulation Z dictates that the voiding should be considered absolute and not subject to judicial modification.

9) Consequently, HERTZ CORPORATION & ALLY FINANCIAL (to whom they assigned the agreement) are obligated to submit the necessary documents for canceling the security interest and file release or termination statements in the public record (Official Staff Commentary §§ 226.15(d)(2)-3, 226.23(d)(2)-3).

10) The court's authority to modify the procedures specified by section 1635(b) only extends to certain aspects, and the voiding of the security interest does not fall under the category of procedural steps or actions because it is an automatic process.

11) No distinction is made in the statute between the right to rescind within three days or the extended three-year period for federal cases and four years under Mass. TILA. Neither case law nor statute provides courts with the equitable discretion to alter the substantive provisions of TILA.

12) Since the rescission process is intended to be self-enforcing, HERTZ CORPORATION failure to comply with the rescission obligations exposes them to potential liability.

13) Non-compliance with TILA rescission constitutes a violation of the act, giving rise to a claim for both actual and statutory damages under 15 USC 1640. TILA rescission not only cancels the security interest but also absolves me of any liability to pay finance charges, fees, or accrued interest, mandating the lender to refund all amounts paid.

According to the National Consumer Law Center's "Truth-In-Lending, 5th Edition," lenders are strictly liable under TILA, unless explicitly exempted

by Congress, the Federal Reserve Board's Regulation Z, the Official Staff Commentary on Regulation Z, or case law. (1.4.2.3.2, page 11)

As I have lawfully rescinded the loan transaction, HERTZ CORPORATION & ALLY FINANCIAL, to whom they assigned the agreement, are obliged to return any funds, including those passed on to third parties such as brokers or appraisers, and undertake any necessary actions to reflect the termination of the security interest within 20 calendar days following the receipt of the rescission notice, which has since expired.

Moreover, it is reiterated that the creditor must promptly undertake any necessary or appropriate action to reflect the automatic termination of the security interest within 20 days of receiving the rescission notice (15 USC 1635(b); Reg. Z- 226.15(d)(2),226.23(d)(2)).

Once a court determines a violation, even if it is of a technical nature such as the failure to respond to the TILA rescission letter, liability is unavoidable (in re Wright, supra. At 708; In re Porter v. Mid-Penn Consumer Discount Co., 961 F,2d 1066, 1078 (3d. Cir. 1992); Smith v. Fidelity Consumer Discount Co., Supra. At 898). *Any concerns creditors may have about the technical requirements should be directed to Congress or the Federal Reserve Board, rather than the courts.* Since HERTZ CORPORATION & ALLY FINANCIAL, to whom they assigned the agreement, have neglected to cancel the security interest and return all monies within the 20-day timeframe stipulated by the rescission letter, the aforementioned lenders are liable for both actual and statutory damages under 15 U.S.C. § 1640(a).

It is worth noting that attorneys lack firsthand knowledge of the facts and are ineligible to provide firsthand testimony in court. Invoking the judicial power of the state as foreign citizens violates the 11th Amendment. Attorneys are considered foreign agents under the Foreign Agents Registration Act (FARA) and are beholden to the Bar Association, whereas actual individuals must present evidence before the court.

Given the absence of a credible response within the required 20-day timeframe, as mandated by 15 U.S. Code 1635 and Regulation Z, the current situation falls under the classification of a

Billing Error, as per 15 U.S. Code 1666. Consequently, according to 15 U.S. Code 1666a, (e) Effect of noncompliance with requirements by creditor, any creditor *who fails to comply with the requirements outlined in this section or section 1666a of this title forfeits any right to collect the entire amount of the agreement from the obligor,* as indicated by the obligor under paragraph (2) of subsection (a) of this section, due to my rightful exercise of rescission.

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (7/5/2024).

(/s/Brandon:Corasmin)".



# EXHIBIT C

08/22/2023
Brandon Corasmin
20075 Oakdale Ave
Brooksville, FL,34601
Brandon.Corasminsa@gmail.com
954-226-7918

Rapid Recovery Agency
2152 Johnson St,
Hollywood, FL 33020

Ally Financial
P.O. Box 380901
Bloomington, MN, 55438

Hertz Corporation
4250 N Federal HWY,
Lighthouse Point, FL, 33064

I, Brandon Corasmin, a natural living being of majority status, conducting the style and condition of The Principal and Beneficial Equitable Title Holder, and not an infant/minor have exercised my right to subrogation as part of my equitable relief. The creditor/debt collector listed must swiftly settle this matter as a result. It is important to note that I am of the Age of Majority, and as is defined under 31 CFR 363.6, a minor means an individual under the age of 18 years. The term minor is also used to refer to an individual who has attained the age of 18 years but has not yet taken control of the securities contained in his or her minor account. This is notice that I have expressed my right to subrogation in switching position from that of a minor to The Principal and Beneficial Equitable Title Holder and am looking to you to settle this manner in fairness and exclusive equity.

Rapid Recovery on 8/20/2023 at or around 11:23 p.m. one of your Agents committed theft in stealing a **2016 Blue Nissan Rogue Bearing VIN:**<u>5N1AT2MTXGC827102</u>. **The vehicle is valued at $20,000.00.** During which you were made aware and provided all documentation in regards to the matter  BRANDON CORASMIN VS HERTZ CORPORATION. During which you were advised Ally Financial no longer had a security interest within the aforementioned vehicle. Furthermore you were provided with a case number along with evidence the vehicle could not be seized, Levied until such binding judgment was made _**September 1st, 2023**_ . Hernando County Sheriff's office was called in good faith to settle the dispute between your

recovery agency and I, the Secured Party/Creditor. During which your agent fled with a vehicle in which you were given all proper information as to why it could not be repossessed.

As the Creditor I demand the immediate return of the vehicle or I shall be forced to seek redress in the amount of $50,000.00 for the theft of sed property. Along with a $5,000.00 penalty per day for the vehicle being removed without my authorization as the creditor. Billing for this violation shall initiate on *8/30/2023.*
Furthermore in stealing the vehicle indirect damages were caused to me as a living human being such as mental distress and tort in a manner of no such form other than to harm a consumer**.** **Under Federal Law 15 U.S.C 1681a(k)(1)(B)(II)** An action taken or determination that is adverse to the interest of the consumer. During the course of which I acted in good faith to resolve the matter. Note damages in this statute are capped between 100- 1000$ and any or other damages resulted directly to the consumer.

The unlawful seizure of my property has left me distressed and destitute and has violated multiple federal protections of which I am entitled to.

## Unlawful Vehicle Repossession and Violation of Rescission Rights & Demand for Return of Property

I am writing to express my deep concern and disappointment regarding the recent repossession of my vehicle. It has come to my attention that this repossession was executed in clear violation of my rights as a consumer and as a result of a series of serious oversights on the part of the finance company and dealership. It is with the utmost urgency that I seek to address these issues and rectify this situation.

First and foremost, I want to address the crucial aspects of my auto loan contract and the subsequent securitization process. Upon careful review of the contract, it has become apparent that there was a significant omission in disclosing the nature of the loan note and its connection to a security interest. The documentation lacks transparency in outlining that this is, in fact, an auto-backed security loan, and that the loan would ultimately be transferred to a Special Purpose Vehicle (SPV). This SPV acts as an independent entity that issues securities based on the loans it holds, with investors deriving returns from payments connected to these loans.

What is imperative to grasp is that while I, as the alleged borrower, entered into an agreement with the bank, the contractual relationship is confined to the bank itself as the bank's only ability is to borrow money per 12 U.S. Code 1431. The transaction does not establish a direct link between myself and the SPV or the investors. Consequently, any claims or requests for payment from the SPV lack a legitimate foundation, as I am not a party to the contract formed between the SPV and the investors. This raises significant legal concerns that merit immediate attention and redress.

Furthermore, the absence of any disclosure about the securitization of my loan has far-reaching implications. By neglecting to inform me about this vital aspect of the agreement, the bank has failed in its obligation to provide transparent and comprehensive information. As a borrower, I possess the right to be fully informed about the various dimensions of my loan arrangement. Failure to disclose this securitization not only undermines the integrity of our contract but also exposes the bank to legal action for non-compliance.

Adding to the complexity of the matter is the application of the Uniform Commercial Code (UCC) section 3-104. This provision stipulates that the bank's ability to enforce the loan instrument is nullified in a securitization scenario, wherein the loan is transferred to the SPV without notice of any competing ownership claim. Consequently, the bank loses the capacity to enforce the loan instrument against me, the alleged borrower. This underlines the gravity of the bank's oversight in not disclosing the securitization, which has substantial repercussions for the contractual obligations.

Given the multifaceted issues outlined above, I assert my legitimate grounds for action against the bank and its affiliates, including the repossession company that unlawfully seized a vehicle they had no interest in. The failure to disclose the securitization, coupled with the unlawful repossession of my vehicle, has not only violated my consumer rights but has also disrupted the very foundation of any lawful agreement that may exist.

**To rectify this situation, I demand the following actions be done within 5 business days:**

1. Immediate cessation of any claims on the security interest of the repossessed property.
2. Prompt return of the unlawfully repossessed vehicle in its original condition.
3. Compensation for any damages or losses incurred due to the unlawful repossession.
4. Acknowledgment of the failure to transparently disclose and communicate the securitization process.
5. Acceptance of responsibility for the consequences resulting from the inability to establish a valid security interest.
6. Submission of a written response outlining your plan to address these concerns within 5 days from receiving this notice.

Moreover, I want to draw your attention to the fact that 15 USC 1635 explicitly applies to any consumer credit transaction. This federal statute outlines the duties of the financing company and the dealer upon receiving this certified notice. In this case, it is evident that the appropriate actions were not taken as required by law. Additionally, Regulation Z of the Code of Federal Regulations (CFR) prohibits the adverse actions you took, including the unlawful repossession. This further reinforces the gravity of the situation and your obligation to rectify this matter.

It is crucial to recognize the gravity of the situation at hand. I seek a resolution that upholds the principles of transparency, fairness, and accountability. Failure to provide a timely and satisfactory response will leave me with no option but to pursue legal remedies to safeguard my rights and interests.

In conclusion, I implore you to treat this matter with the urgency it demands. Your cooperation in addressing these concerns is essential to rectifying the grave issues that have arisen from the transaction. I await your response and hope for a swift resolution that restores justice and compliance with the law.

I pray that equity be done!

Sincerely,


Brandon Corasmin
08/22/2023





| STATE OF FLORIDA UNIFORM COMMERICAL CODE FINANCING STATEMENT FORM | Florida Secured Transaction Registry |
|---|---|

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**

BRANDON CORASMIN; 9542267918

Email BRANDON.CORASMINSA@GMAIL.COM

**B. SEND ACKNOWLEDGEMENT TO:**

# FILED

2023 Aug 21 04:49 AM

******* 202302281595 *******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ALLY FINANCIAL INC | | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
|---|---|---|---|---|

| 1c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| P.O. BOX 380901 | This space not available. | | | |

| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | BLOOMINGTON | MN | 55438 | US |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (2a OR 2b) - Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
|---|---|---|---|---|

| 2c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| | This space not available. | | | |

| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
|---|---|---|---|---|
| CORASMIN | BRANDON | | | |

| 3c. MAILING ADDRESS Line One | | | | |
|---|---|---|---|---|
| 20075 OAKDALE AVE | This space not available. | | | |

| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | BROOKSVILLE | FL | 34601 | US |

**4. This FINANCING STATEMENT covers the following collateral:**

Nissan Rogue 2016 Blue VIN:5N1AT2MTXGC827102 Notice Of Recession Sent Via USPS 4/21/2023. Recieved 5/2/2023 Certified mail 958907105270066621343. Ally Executive Alex acknowledged receiving documents on 5/3/2023 As a result of the recession under TILA Title Z. The finance company no longer has a security interest in this property.

| 5. ALTERNATE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR |
|---|---|---|---|
| | ☐ AG LIEN | ☐ NON-UCC FILING | ☐ SELLER/BUYER |

**6. Florida DOCUMENTARY STAMP TAX** - YOU ARE REQUIRED TO CHECK **EXACTLY ONE** BOX

☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☑ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

STANDARD FORM - FORM UCC-1 (REV.05/2013)    Filing Office Copy    Approved by the Secretary of State, State of Florida

This is Actual and Constructive Notice that all of Debtor's interest now owned or hereafter acquired is hereby accepted as collateral for securing contractual obligations in favor of the **Secured Party/Creditor** as detailed in a true, correct, complete, notarized Security Agreement in the possession of the Secured Party. **NOTICE**: In accordance with USC - Property  All property is accepted for value and is exempt from Levy. This filing is pursuant to **UCC 3-301** and Article 9 of the **Uniform Commercial Code**, along with the Consumer Credit Protection Act (Public Law 90-321) in relations to, 2016 Nissan Rogue, **VIN:5N1AT2MTXGC827102**, The recession notice was delivered 5/2/2023 via USPS certified mail, Under Regulation Z of CFR they had until 5/22/2023 to respond to the notice,
All proceeds,  products, accounts, fixtures and the orders therefrom shall be released to the Debtor to serve as collateral for the Secured Party/Creditor benefit.

**This filing is also made without the UNITED STATES per 28 USC § 1746 (1).**

# UNITED STATES DISTRICT COURT FOR THE
# FLORIDA MIDDLE  DISTRICT COURT

**Brandon Corasmin, Plaintiff,**

**v.**

SEP 11 2023 AM 8:49
FILED - USDC - FLMD - TPA

**Ally Financial & RAPID RECOVERY AGENCY Defendant(s).**

## Case No: [            ] COMPLAINT FOR DECLARATORY JUDGMENT

### I. INTRODUCTION

1. This action seeks declaratory judgment and damages as the Defendant(s), ALLY Financial & RAPID RECOVERY AGENCY , violated the Truth in Lending Act (TILA) and the Uniform Commercial Code (UCC), resulting in harm to the Plaintiff, Brandon Corasmin.

### II. PARTIES

2. The Plaintiff, Brandon Corasmin, is a National of the United States of America, residing at 20075 Oakdale ave, Brooksville Florida, 34601.

3. The Defendant, Ally Financial, is a corporation organized under the laws of the State of Minnesota, with its principal place of business at P.O. Box 380901. Bloomington, MN 55438.

4. The Defendant, RAPID RECOVERY AGENCY, is a corporation organized under the laws of the State of Florida, with its principal place of business at 2152 Johnson St, Hollywood, FL 33020.

### III. FACTUAL ALLEGATIONS

4. On 3/19/2018, the Plaintiff and the Defendant entered into a retail installment contract, which constituted an auto loan for the Plaintiff to purchase a vehicle.

5. Despite UCC 9-203 outlining the requirements for the attachment of a security interest and UCC 9-310 mandating the filing of a financing statement for the perfection of the security interest, the Defendant failed to satisfy these requirements. Specifically, the Defendant neglected to include the note, the evidence of debt, in the security agreement and did not file a financing statement, thus failing to perfect the security interest correctly.

6. Without informing or gaining the consent of the Plaintiff, the Defendant initiated a securitization process, which involved the sale of the loan note. This process effectively converted the Plaintiff's loan into an asset-backed security.

7. The Plaintiff demands that the Defendant produce the original note, demonstrating that it has not been securitized.

## IV. COUNT I: VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

8. TILA, in conjunction with Regulation Z, imposes an obligation on creditors to disclose material terms and conditions of loans to consumers. The Defendant's non-disclosure of the securitization process is a violation of TILA, as established in Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 2015.

## V. COUNT II: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-301

9. UCC 3-301 stipulates that a person entitled to enforce an instrument is either the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument. In this case, the Defendant, by not including the note in the security interest and subsequently selling the note, is not the holder of the note. Therefore, the Defendant has forfeited its right to enforce the note under UCC 3-301, which results in nullifying the Plaintiff's obligation to pay the debt.

## VI. COUNT III: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-604

10. As per UCC 3-604, if an instrument is paid by a party obliged to pay the instrument and the party paying the instrument receives a conspicuous statement to the effect that the payment is in full satisfaction of the obligation, the effect of payment is discharged to the extent of payment. In this case, by selling the note, the Defendant voluntarily discharged the Plaintiff's debt under UCC 3-604, absolving the Plaintiff of any liability under the note.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Brandon Corasmin, respectfully requests that this Court:

A. Enter judgment in favor of the Plaintiff and against the Defendant for all monetary damages, to be determined at trial;

B. Award the Plaintiff his costs and expenses of this action, including reasonable attorneys' fees, under 15 U.S.C. § 1640(a);

C. Order the Defendant to produce the original note and to demonstrate that it was not securitized;

D. Grant any other relief the Court deems necessary, just, and proper.

## VIII. JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable. I declare under penalty of perjury under the laws of the United States of America, as per 28 USC § 1746, that the foregoing is true and correct. Dated: 9/11/2023 Brandon Corasmin, Non-Citizen National of the United States, Executor of Precedent Landed Estate Brandon Corasmin