UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRANDON CORASMIN**,

    Plaintiff,

v.                                     Case No. 8:23-cv-2040-WFJ-CPT

**ALLY FINANCIAL**; and
**RAPID RECOVERY AGENCY**,

    Defendants.
_____/

## ORDER

Before the Court is Defendant Ally Financial's ("Ally")[1] Motion to Dismiss (Dkt. 7) Plaintiff Brandon Corasmin's Complaint (Dkt. 1). Mr. Corasmin has responded in opposition (Dkt. 8), Ally has replied (Dkt. 16), and Mr. Corasmin has provided a sur-reply (Dkt. 18). Upon careful consideration, the Court dismisses Mr. Corasmin's Complaint without prejudice.

## BACKGROUND

On March 19, 2018, Mr. Corasmin entered into a retail installment sale contract (the "Contract") with the Hertz Corporation ("Hertz") for a 2016 Nissan Rogue (the "Vehicle"). Dkt. 7-1 at 2. The Contract contained standard "FEDERAL

---

[1] Ally claims that its proper designation is "Ally Bank" and that Plaintiff Brandon Corasmin, proceeding *pro se*, erroneously sued it as "Ally Financial." Dkt. 7 at 1.

TRUTH-IN-LENDING DISCLOSURES[,]" stated that there would be "NO COOLING OFF PERIOD[,]" and explicitly provided for assignment. *Id.* At some point after March 19, 2018, Hertz assigned the Contract to Ally.

On April 21, 2023, Mr. Corasmin sent notice to Hertz and Ally of his intent to rescind the Contract. Dkt. 1 at 4, 11. Mr. Corasmin claimed that Hertz and Ally "failed to provide full disclosure regarding [his] right to rescind" and that he was not "provided with the required notices accompanying all consumer credit transactions." *Id.* at 12. He consequently demanded "the voiding of any finance charges, security interests, and other obligations resulting from the [Contract], in addition to the return of all past and prior payments made per the provisions in rescission." *Id.* at 14. Mr. Corasmin does not allege that he attempted to return the Vehicle itself or that he continued making payments under the Contract.

On April 20, 2023, Defendant Rapid Recovery Agency ("Rapid") allegedly repossessed the Vehicle. *Id.* at 4. Mr. Corasmin characterizes this as theft. *Id.* He further claims that, by failing "to respond or challenge the recission," Ally (and presumably Hertz) breached the Contract. *Id.*

On September 11, 2023, Mr. Corasmin filed the instant suit seeking "declaratory judgment and damages." *Id.* at 27. Mr. Corasmin asserts three claims: Count I—violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; Count II—violation of the Uniform Commercial Code ("UCC"), Section 3-301; and

Count III—violation of the UCC, Section 3-604. *Id.* at 28. Ally now moves to dismiss Mr. Corasmin's Complaint. Dkt. 7.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

At the dismissal stage, a court may consider matters judicially noticed, such as public records, without converting a defendant's motion to one for summary judgment. *See Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 52 (11th Cir. 2006). Additionally, documents may be considered at the dismissal stage if they are central to, referenced in, or attached to the complaint. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## DISCUSSION

Mr. Corasmin's Complaint fails to state a claim. To begin with, there is no right to recission that requires disclosure under TILA where the subject credit transaction is for the purchase of a car and the transaction did not involve a security

3

interest retained in the borrower's home. *See Haywood v. Ally Auto Fin.*, No. 1:22-CV-3765-LMM-JKL, 2022 WL 18777548, at *3 (N.D. Ga. Nov. 10, 2022), *report and recommendation adopted,* No. 1:22-CV-03765-LMM, 2022 WL 18777549 (N.D. Ga. Dec. 2, 2022); *Johnson v. RovMain, Inc.*, No. CV 22-5219, 2023 WL 2723110 (E.D. Pa. Mar. 31, 2023) (noting that courts "routinely hold that the right to rescind under § 1635(a) does not apply to the purchase of motor vehicles"). Here, Mr. Corasmin does not allege that the subject transaction involved a security interest in his home. Ally therefore had no obligation to disclose a (non-existent) right of recission under TILA. Mr. Corasmin, moreover, had no right to rescind under the Contract. *See* Dkt. 7-1 at 2 (the Contract providing that there is no "'cooling off' or cancellation period for this sale. After you sign this contract, you may only cancel if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind"). Count I is fundamentally flawed. The Court dismisses it.

Counts II and III fair no better. In these claims, Mr. Corasmin appears to argue that, through assignment of the Contract, Hertz and Ally "converted the 'loan' into an asset-backed security" that was never properly perfected. Dkt. 8 at 1–2; *see also* Dkt. 1 at 28. This purportedly forfeited any right to enforce the Contract while also discharging Mr. Corasmin's liability thereunder. Dkt. 1 at 28. Although the Court is not entirely sure what to make of these claims, it is clear that Mr. Corasmin's conclusions do not follow from a juxtaposition of the facts alleged and UCC § 3-

4

301/§ 3-604. Nothing here indicates that the Contract was improperly assigned or that Ally somehow discharged Mr. Corasmin's obligations by cancellation or renunciation. Counts II and III are dismissed.

## CONCLUSION

Mr. Corasmin's Complaint cannot withstand dismissal under Rule 12(b)(6). His claims appear to be based on rather significant misunderstandings of TILA and contract law. Notwithstanding, because Mr. Corasmin is proceeding *pro se*, he will be afforded an opportunity to amend his pleadings so as to include or clarify anything that might make his claims viable. Mr. Corasmin has twenty-one days to file an amended complaint if he so wishes.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Ally's Motion to Dismiss (Dkt. 7) is **GRANTED**.

(2) Mr. Corasmin's Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**.

(3) Mr. Corasmin may file an amended complaint within twenty-one days.

**DONE AND ORDERED** at Tampa, Florida, on November 9, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record